UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

LASHAWN HINES,

    Plaintiff,                              Case Number: 2:13-cv-15219
                                                    Honorable Victoria A. Roberts

v.

EVEREST INSTITUTE,

    Defendant.
_____/

## OPINION AND ORDER

**I.    INTRODUCTION**

This matter is before the Court on a filing by Plaintiff, La Shawn Hines ("Hines"), self-titled "Amended Complaint," but which the Court and Defendant, the Everest Institute ("the School"), treat as a motion to vacate arbitration award. The School responded to Hines' filing with a motion to confirm arbitration award. The issues facing this Court are whether (1) Hines' motion presents any basis for vacating the parties' Arbitration Award ("Award"); or, in the alternative, (2) the School is entitled to an order confirming the Award.

For the reasons that follow, the Court DENIES Hines' motion to vacate and GRANTS the motion to confirm arbitration award.

**II.    BACKGROUND AND PROCEDURAL HISTORY**

On or about October 5, 2011, Hines enrolled in the School's Licensed Practical Nursing program ("Program"). As part of her enrollment, Hines signed a contract where she agreed to "submit *all* claims" against the School to an arbitrator provided by the

1

American Arbitration Association ("AAA"). She also agreed that any arbitration award would be binding under the Federal Arbitration Act ("FAA") 9 U.S.C. § 1 *et seq.* In July 2012, Hines withdrew from the Program but says she expressed an intention to return in the fall.

In September 2012, Hines attempted to gain readmission to the Program for fall classes but was denied. She filed a demand for arbitration with the AAA on or about April 5, 2013, and alleged, in part, pregnancy discrimination and breach of contract by the School in denying her readmission to the Program. An evidentiary hearing for the arbitration occurred on October, 18, 2013, in front of Arbitrator Ralph Maccarone, ("Arbitrator").

At the hearing, in-house counsel Brendan Sheehey served as the School's corporate representative and another attorney, Priscilla Jimenez, served as counsel. The School called Patricia Jones, described as the School's Regional Nursing Director, as a witness. Hines had the opportunity to cross-examine Jones and questioned her relevance during the proceedings. Hines also raised challenges to the use of a Nursing Handbook ("Handbook") as evidence of the contract between the parties. Hines said that the Handbook was not the same version that School used when she enrolled and she objected to its inclusion in the proceedings. After the hearing, the Arbitrator entered the Award in favor of the School dismissing all of Hines' claims.

In November 2013, Hines sought clarification of the Award, again questioning the School's use of Jones as a witness. Hines' clarification request stated that Jones was not a witness to any events, her position as Regional Nursing Director did not actually exist, and that Jones had not been an employee at the School when the events took

place. The Arbitrator denied this request for clarification saying that the Award was final, the "case remains closed," and that the request was for a "finding of reasoning in a non-dispositve part of the Award."

Hines then filed a complaint against the School in state court. The School removed the action to this Court on the basis of diversity jurisdiction. Hines then filed a document entitled Amended Complaint on December 30, 2013, which asserts, in addition to her original discrimination claims, that the School's counsel, Jiminez and Sheehey, participated in the arbitration process without being properly licensed to practice law in the state of Michigan. See MCL 600.916 (the statute governing the unauthorized practice of law in Michigan). The Amended Complaint also claims the School violated MCL 750.483A(6)(a) (which partly deals with witness tampering and false evidence), by allowing Jones to testify as a witness and by updating the Handbook as part of her student record without her approval.

In its response, the School treated Hines' Amended Complaint as a motion to vacate arbitration award because the claims surrounding the School's counsel and use of Jones seem to address perceived flaws in the arbitration process. The School also moved to confirm arbitration award.

### III.     JURISDICTION

The School removed Hines' original complaint from state court on the basis of this Court's original jurisdiction over that complaint's claims under 28 U.S.C. § 1332. After the filing of the Amended Complaint made clear Hines presented a motion to vacate arbitration award, the School argues its petition to confirm became a compulsory counterclaim under Fed. R. Civ. P. 13(a) since it arises out of the same transaction or

occurrence as Hines' motion. This gives the Court supplemental jurisdiction under 28 U.S.C § 1367 since a motion that arises from the same transaction or occurrence almost certainly forms part of the same case or controversy. The School cites to *Matter of Arbitration between InterCarbon Bermuda, Ltd. & Caltex Trading & Transp. Corp.*, 146 F.R.D. 64, 70 (S.D.N.Y. 1993) (collecting cases) for the proposition that there "is not much authority on the question of whether a petition to confirm an arbitration award is compulsory" but that "those courts that have considered the issue have concluded that the petition to confirm is compulsory." In that case, the court considered motions to vacate and confirm as necessarily arising out of the transaction and occurrence under Rule 13(a) and held that treating them as compulsory advanced Rule 13(a)'s goal of efficiency. *See id.*

This Court agrees with that analysis and follows it here; it promotes a speedier resolution of this dispute over the Award and makes sense within the framework of Rule 13(a) and supplemental jurisdiction.

### IV. STANDARD OF REVIEW AND GROUNDS TO VACATE AN ARBITRATION AWARD

The standard of review for an arbitrator's decision is highly deferential. *Nationwide Mut. Ins. Co. v. Home Ins. Co.*, 429 F.3d 640, 643 (6th Cir. 2005) "The Federal Arbitration Act expresses a presumption that arbitration awards will be confirmed." *Id.* "When courts are called on to review an arbitrator's decision, the review is very narrow; one of the narrowest standards of judicial review in all of American jurisprudence." *Id.* "[A]s long as the arbitrator is even arguably construing or applying the contract and acting within the scope of his authority, that a court is convinced he committed serious

4

error does not suffice to overturn his decision." *Id.* "Thus, [a] federal court may vacate an arbitration award only in very limited circumstances." *Id.* (internal citations omitted).

The FAA explicitly provides the circumstances under which an award may be vacated; parties cannot modify or add to this list. *Hall Street Assoc., L.L.C. v. Mattel, Inc.*, 552 U.S. 576, 583 (2008). The provisions of 9 U.S.C. § 10(a)1-4 list these specific grounds:

> (a) In any of the following cases the United States court in and for the district wherein the award was made may make an order vacating the award upon the application of any party to the arbitration—
>
> (1) where the award was procured by corruption, fraud, or undue means;
>
> (2) where there was evident partiality or corruption in the arbitrators, or either of them;
>
> (3) where the arbitrators were guilty of misconduct in refusing to postpone the hearing, upon sufficient cause shown, or in refusing to hear evidence pertinent and material to the controversy; or of any other misbehavior by which the rights of any party have been prejudiced; or
>
> (4) where the arbitrators exceeded their powers, or so imperfectly executed them that a mutual, final, and definite award upon the subject matter submitted was not made.

9 U.S.C § 10(a).

This Circuit maintains that this Court's "ability to vacate an award is almost exclusively limited to these grounds, although it may also vacate an award found to be in manifest disregard of the law*." Coffee Beanery, Ltd. v. WW, L.L.C.*, 300 F. App'x 415, 418 (6th Cir. 2008) (internal citations omitted). Manifest disregard for the law is also an extremely narrow standard. *See id.* Absent these grounds, courts must "grant confirmation in all cases." *Hall St. Assoc.*, 552 U.S. at 587 (holding the language of 9 U.S.C § 9 of the FAA stating "the court must grant such an order unless the award is

5

vacated, modified, or corrected as prescribed in sections 10 and 11 of this title" provides no exceptions to confirmation other than those explicitly provided for in the FAA itself). On the whole, the procedure to vacate and confirm should be summary and the party seeking to vacate has the burden of proving any grounds for overturning it. *See Questar Capital Corp. v. Gorter*, 909 F. Supp. 2d 789, 803 (W.D. Ky. 2012) (stating that the FAA requires applications to vacate arbitration be in motion form to avoid pleading rules and place the burden on moving party to prove grounds to vacate).

Hines' motion to vacate is only reviewed to see if these grounds provide a basis for vacating the award; the Court will not engage in the *de novo* review Hines requests. Further, in the absence these grounds, the School is entitled to confirmation of the Award.

### V. HINES MOTION FAILS TO PROVIDE GROUNDS TO VACATE THE AWARD

A document filed *pro se* is "to be liberally construed." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (internal citations omitted). The Court must construe Hines' filing to raise the best arguments they present in line with the possible grounds to vacate but without accepting Hines' legal conclusions or unwarranted factual inferences as true. *See Lobaito v. Chase Bank*, 11 CIV. 6883 PGG, 2012 WL 3104926 (S.D.N.Y. July 31, 2012) aff'd, 529 F. App'x 100 (2d Cir. 2013) (treating pro se "complaint" partly as a motion to vacate and looking at its "best arguments" ). Even a liberal reading of Hines' best arguments does not provide a basis to vacate the Award.

### a. Hines does not meet her burden to show the award was procured by corruption, fraud or undue means (9 U.S.C § 10(a)(1)).

Hines' allegations related to the School's actions best fit into the category of "fraud" or "undue means" under 9 U.S.C § 10(a)(1). Her claims that the School violated MCL

750.483(6)(a) by presenting Jones as, essentially, a sham witness, and inserting a new copy of the Handbook into her student records are both framed as attempts to affect the arbitration proceedings through deceit or unethical behavior. Additionally, her allegations that the School's attorneys, Jimenez and Sheehey, violated MCL 600.916 by practicing law without a license also fit best into the category of "fraud" or "undue means" as they are portrayed as unethical attempts to alter the arbitration process. Ultimately, Hines' allegations fail under this framework for either lack of sufficient evidentiary support, a material connection to issues decided in the arbitration, or the requirement that they not be discoverable at the time of the arbitration.

When considering accusations of fraud, courts are cautioned to hesitate to vacate an award "in order to protect the finality of arbitration decisions." *Int'l Bhd. of Teamsters, Local 519 v. United Parcel Serv., Inc.*, 335 F.3d 497, 503 (6th Cir. 2003). As with proving grounds to vacate generally, the moving party "bears the burden of establishing fraud or undue means." *Bauer v. Carty & Co., Inc.*, 246 F. App'x 375, 379 (6th Cir. 2007). To merit an order vacating an award for fraud, a party must demonstrate (1) clear and convincing evidence of fraud, (2) that the fraud materially relates to an issue involved in the arbitration, and (3) that due diligence would not have prompted the discovery of the fraud during or prior to the arbitration. *Id.* Although similar to fraud, courts have given the term "undue means" a definition meaning "bad faith behavior by the winning party" that is "immoral if not illegal." *Barcume v. City of Flint*, 132 F. Supp. 2d 549, 556 (E.D. Mich. 2001) (internal citations omitted). Regardless of whether a party alleges fraud or undue means, courts should apply the same three-part test. *Id.*

7

In analyzing the first prong of the test, whether any evidence of undue means or fraud is "clear and convincing," courts have considered the parties' behavior as well as the arbitrator's decision on the merits of the fraud or undue means allegations if they were brought to the arbitrator. *See id.* (using arbitrators' decision that Defendants' complaint of improper conduct by Plaintiff's counsel was without merit to support the court's finding that the same conduct also did not establish undue means by clear and convincing evidence).

The second prong, the materiality requirement, demands a connection "between the alleged fraud and the basis for the [arbitrator]'s decision." *Int'l Bhd. of Teamsters, Local 519*, 335 F.3d at 503 (internal citations removed). If "an arbitrator hears the allegation of fraud and then rests his decision on grounds clearly independent of issues connected to the alleged fraud, the statutory basis for vacatur is absent." *Id.* at 503 (internal citations removed). But if, for example, an arbitrator explicitly relies on testimony by a witness and conditions reliance on the integrity of that testimony, clear and convincing evidence of fraud on or through that witness may be grounds to vacate. *See id.* at 504 (holding that the arbitrator's explicit reliance on witness provided witness' testimony was not "arbitrary" or "biased" meant fraud connected to that witness met the materiality requirement).

Finally, "a party successfully make out a prima facie claim of fraud if the fraud was discoverable upon the exercise of due diligence prior to or during the arbitration." *Pontiac Trail Med. Clinic, P.C. v. PaineWebber, Inc.*, 1 F.3d 1241 (6th Cir. 1993) If the purported fraud has in fact been discovered and raised during the arbitration proceedings, other courts have treated this issue as fully resolved. *See id.*; *A.G.*

*Edwards & Sons, Inc. v. McCollough*, 967 F.2d 1401, 1404 (9th Cir. 1992) (stating that an "obvious corollary" to the requirement that fraud not be discoverable is that if allegations of fraud are brought before arbitrator, "a disappointed party will not be given a second bite at the apple"); cf. *Barcume*, 132 F. Supp. at 556 (treating arbitrator's handling of claims that also served as the basis for an undue means challenge as just part of weighing whether evidence of undue means was clear and convincing).

The only evidence Hines offers to support her assertion that Jones was a sham witness, and not actually an employee of the School, is that Jones and the Regional Nursing Director position are absent from the School Statement of Ownership and that Hines lacks personal familiarity with her. These facts are thin at best and require implausible, if not conspiratorial, inferences. They are certainly not clear and convincing evidence that Jones or the School lied about her employment. Additionally, the Arbitrator heard similar objections to Jones during arbitration and again when Hines' requested a post-award explanation. In the first instance, the Arbitrator made a credibility determination about Jones' sworn testimony as to her employment and in the second instance, he chose to stand on that determination and his findings generally. From this, it would not be reasonable for this Court to determine there is clear and convincing evidence that the School fraudulently presented Jones as a witness.

On the issue of materiality, the Arbitrator does not state how much stock he put in Jones' testimony when issuing the Award. The Arbitrator gave all the testimony and evidence the weight he deemed it entitled to, and Hines cannot meet her burden to show that Jones' testimony provided a basis for the Arbitrator's decision or that he explicitly relied on the credibility of Jones' testimony.

Finally, and perhaps most importantly, Hines brought this purported fraud or use of undue means to the attention of the Arbitrator. He either remained unconvinced or decided the case on other grounds. The overwhelming policy in support of providing finality to arbitration awards favors refusing Hines a "second bite of the apple" on her challenge to Jones.

Hines' next claim, that the School committed fraud by updating the Handbook used for the Program, perhaps relates materially to the Arbitrator's decision since he used the Handbook to determine the contents of the contract between the parties. However, the School updating its general Handbook is not a clear example of immoral and illegal behavior, nor does it present clear and convincing evidence of fraud. Also, Hines knew of the updated handbook during arbitration. The Arbitrator considered this issue when Hines raised it at the hearing and decided to allow the Handbook as evidence. This accusation by Hines simply attacks the Arbitrator's decision itself about the contents and meaning of the contract, and is nothing more than an attempt to litigate an issue she lost at arbitration.

Hines' last challenge to the arbitration is the supposed unauthorized practice of law by Jiminez and Sheehey, and that best fits into the category of fraud or undue means. Hines admits Jiminez received a temporary license to practice in Michigan before the hearing but argues that her pre-hearing actions and Sheehey's presence and participation in the arbitration hearing amounted to the unauthorized practice of the law. The School relies on *Superradio Ltd. P'ship v. Winstar Radio Productions, LLC*, 844 NE.2d 246 (Mass. 2006) for the proposition that unlicensed practice of law is insufficient to warrant vacating an award. *Superradio Ltd. P'ship* is not controlling but its reasoning

10

is sound. Namely, even if the School's attorneys practiced law without a license, those acts have not been shown by Hines to have influenced the Arbitrator's decision nor demonstrated the attorneys used fraudulent or unethical behavior to secure the Award. Granting a motion to vacate on an opposing counsel's unauthorized practice alone, without evidence it was part of an attempt to commit a fraud on Hines or the Arbitrator, would be an impermissible expansion of the grounds to vacate provided for by the FAA.

Hines fails to meet her burden to prove fraud or undue means under 9 U.S.C § 10(a)(1).

### b. Hines does not present evidence indicating corruption or evident partiality (9 U.S.C § 10(a)(2)).

The School argues that Hines' statements in various documents fail to provide any evidence of corruption or evident partiality under U.S.C § 10(a)(2). Hines' comments were in documents now stricken from the docket and the Amended Complaint does not make out anything approaching a claim of corruption or evident partiality.

To show corruption or evident partiality the challenging party bears the burden to show "that a reasonable person would have to conclude that an arbitrator was partial to the other party to the arbitration." *Uhl v. Komatsu Forklift Co., Ltd.*, 512 F.3d 294, 306 (6th Cir. 2008). Furthermore, the partiality must be "direct, definite, and capable of demonstration" and the moving party "must establish specific facts that indicate improper motives on the part of the arbitrator." *Id.* (internal citations removed). Hines' earlier comments no longer appear on the docket and her Amended Complaint focuses on issues wholly separate from any corruption or partiality of the Arbitrator. Therefore, the Award cannot be overturned on these grounds.

### c. Hines does not show the Arbitrator was guilty of misconduct or misbehavior (9 U.S.C § 10(a)(3)).

Hines' Amended Complaint can be construed to allege misconduct or misbehavior, though not clearly, on the part of the Arbitrator by allowing Jones to testify, considering the Handbook, and not acting on complaints about the School's counsel.

When looking at an arbitrator's decision under 9 U.S.C. § 10(a)(3), the standard of review is "abuse of discretion." *Questar Capital Corp.*, 909 F. Supp. 2d at 816 (W.D. Ky. 2012) (internal citations removed). Arbitrators "are not bound by formal rules of procedure and evidence, and the standard for judicial review of arbitration procedures is merely whether a party to arbitration has been denied a fundamentally fair hearing." *Id.* (internal citations removed). "To meet this standard, the party seeking to vacate the arbitration award must prove by clear and convincing evidence that the arbitrator had no reasonable basis for his decision." *Floyd Co. Bd. of Educ. v. EUA Cogenex Corp.*, 198 F.3d 245 (6th Cir. 1999).

Hines' misconduct claims suffer the same issues of proof as her fraud claims. The Arbitrator made judgments about Jones' credibility, the legitimacy of updating the Handbook, and the ability of Jiminez and Sheehey to represent the School in their different capacities. Nothing shows that he lacked a reasonable basis for his decisions, or that he misbehaved, he simply disagreed with Hines. Though her claims can potentially be construed to challenge the Arbitrator's behavior and conduct, it only does so indirectly and fails to meet the standard required to vacate the Award.

### d. Hines does not show the Arbitrator exceeded his power (9 U.S.C § 10(a)(4)) or acted in "Manifest Disregard of the Law."

Construed liberally, the Amended Complaint does not allege that the Arbitrator exceeded his powers under 9 U.S.C § 10(a)(4) or acted in manifest disregard for the law.

Arbitrators are given great leeway to resolve disputes and this Circuit has required "more than mere error in interpretation or application of the law" to vacate a decision. *Barrick Enterprises, Inc. v. Crescent Petroleum, Inc.*, 496 F. App'x 614, 619 (6th Cir. 2012) (internal citations removed). The arbitrator only acts with manifest disregard if "(1) the applicable legal principle is clearly defined and not subject to reasonable debate; and (2) the arbitrators refused to heed that legal principle." *Coffee Beanery, Ltd.*, 300 F. App'x at 418 (internal citations removed).

The Amended Complaint, even construed liberally, presents no claim or evidence that the Arbitrator exceeded his authority or acted with manifest disregard for the law.

## VI.   THE SCHOOL'S MOTION TO CONFIRM IS GRANTED

Given the Court's jurisdiction and the lack of any grounds to vacate, this Court confirms the Award. 9 U.S.C. § 9 says an award must be enforced if the parties "have agreed that a judgment of the court shall be entered upon the award made pursuant to the arbitration" and "then at any time within one year after the award is made any party to the arbitration may apply to the court so specified for an order confirming the award," and that "the court must grant such an order unless the award is vacated, modified, or corrected as prescribed in sections 10 and 11 of this title." 9 U.S.C. § 9. The Supreme Court has made clear that confirmation is mandatory absent any grounds to vacate or modify. *Hall Street Assoc., L.L.C.*, 552 U.S. at 587 (holding the court must grant a motion confirming an arbitration award "unless the award is vacated, modified, or corrected as prescribed in sections 10 and 11 of this title").

The School and Hines agreed to arbitrate. The School moved for confirmation within the one year time period. Hines provided no basis to vacate the Award. Since the

conditions of 9 U.S.C. § 9 have been met, this Court is obligated to confirm the Award in favor of the School.

## VII.   CONCLUSION

For the reasons stated, the Arbitration Award is confirmed; Hines' motion is denied.

IT IS ORDERED.

<u>S/Victoria A. Roberts</u>

Victoria A. Roberts
United States District Judge

Dated:  June 19, 2014

> The undersigned certifies that a copy of this document was served on the attorneys of record and Lashawn Hines by electronic means or U.S. Mail on June 19, 2014.
>
> <u>S/Carol A. Pinegar</u>
> Deputy Clerk